**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**




James A. Washington
4240 South Capitol Street SE , Apartment 301
Washington , D.C. 20032
202-562-0297

VS.

Case: 1:08-cv-01502
Assigned To : Robertson, James
Assign. Date : 8/28/2008
Description: Employ Discrim.

Pete Geren , Secretary
DEPARTMENT OF THE ARMY
101 Army Pentagon
Washington , D.C. 20310-0101

**COMPLAINT**

1.) This is an action for violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. & 2000e et seq. , 5 U.S.C & 2302 (b). (9) et seq. and the Rehabilitation Act of 1973. 29 U.S.C & 791 et seq.

2.) This Court has jurisdiction over this action pursuant to Title VII , the Rehabilitation Act , 28 U.S.C.& 1331 and U.S.C. & 1337 .

3.) Venue is proper in this Court under 28 U.S.C. & 1391 .

4.) The plaintiff , James A. Washington ("Washington") , worked as a member of the Waste Management Team , Environmental Services Branch at Walter Reed Army Medical Center in

RECEIVED
AUG 25 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Washington , D.C.

5.) At all relevant times , Washington was disabled as a result of depression .

C. Which constitute a mental impairment that substantially limited one or more of his major life activities .

6.) Washington was retaliated against for prior , active at the Equal Employment Opportunity Office ( Agency ) , Equal Employment Opportunity Commission and Federal Court .

C. Which violated Washington's civil right .

7.) Washington's employer , the Department of the Army , took the adverse actions against him .

A. On November 18, 2004 [ complainant ] received notice to extend the leave restriction from the original restriction May 27, 2004 ; For usage of leave approve , by the agency .

B. On January 12, 2005 Washington's supervisor forwarded false statements that undermined Washington's on the job injury claim .

C. In March 2005 his supervisor forced him , to work in inclement weather with a joint injury ; While on light duty .

D. On March 7 , 2005 his supervisor charged him with AWOL [ Absent Without Leave ] and threatened to hamper his union

participation .

E. In April 8 , 2005 , he received a proposed suspension .

F. On May 31, 2005 his supervisor charged him with AWOL .

G. On August 8, 2005, he received a letter of warning .

H. On August 29, 2005 he was charged with AWOL for one hour .

I. On January 4 , 2006 his supervisor ordered employees not speak to ; Or answer any question from the Equal Employment Opportunity Investigator , the day before Washington's hearing .

J. In March 2006 supervisor refused to address the fact ; That co-workers withheld his personal property , more than a week .

K. On April 13 , 2006 the agency's Equal Employment Opportunity Department , used Washington's disability for his removal : And never intended to help or assist him , with his disability .

L. On April 18 , 2006 Washington supervisor gave him a written order , to have a psychiatric examination and claimed Washington , was a risk to his self and other .

M. On April 20 , 2006 had been given excessive work loads ; And had not been allowed to work weekends for months .

N. On November 3 , 2006 the agency refuse to investigate alleged crimes

against Washington .

O. On January 3, 2007 the head of Washington's department told him that , the results psychiatric examination was the property ; Of the department and he could review it . Also that the order for the examination , came from the agency's Equal Employment Opportunity Office , even though Washington 's supervisor sign it .

P. On February 8 , 2007 the agency refuse , and than delayed in sending Washington a copy of hearing transcript , in defiance of an Equal Employment Opportunity Commission Judges order .

Q. In February of 2007 , the agency illegally altered Equal Opportunity Employment Commission hearing transcript .

R. Violation of 2004 , of a Federal Court settlement agreement prior to July 2007 .

8.) Defendant took each of these action as a result of Washington past filing; Of grievances and his disability , and each constituted as violations of both Title VII and the Rehabilitation Act .

WHEREFORE, Washington prays that this Court issue the following order

1.) Finding that the Defendant violated Title VII of the Civil Right Act and the Rehabilitation Act.

2.) Awarding Washington all compensatory and punitive damages to which he is entitled , requesting the amount of $900,000.00 .

3.) Awarding Washington the cost of this litigation .

4.) Awarding any other legal or equitable relief that the Court deems appropriate .

James Washington

James A. Washington
4240 South Capitol Street SE. Apt. 301
Washington , D.C. 20032



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

James A. Washington,
Complainant,

v.

Pete Geren,
Secretary,
Department of the Army,
Agency.

Appeal No. 0120081139

Hearing No. 570-2006-00299X

Agency No. ARWRAMC05JAN06379

**DECISION**

Complainant filed an appeal from the agency's November 16, 2007, final order concerning his equal employment opportunity (EEO) complaint claiming unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a).

During the period at issue, complainant worked as Custodial Worker on the Waste Management Team, Environmental Services Branch at Walter Reed Medical Center in Washington, DC.

On February 18, 2005, complainant filed an EEO complaint alleging that he was discriminated against on the bases of disability (depression and hepatitis C)[1] and in reprisal for prior protected EEO activity.

By letter dated August 25, 2005, the agency accepted complainant's formal complaint for investigation. At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of his right to request a hearing before an EEOC

---

[1] For purposes of analysis only, we assume without finding, that complainant is an individual with a disability.

Administrative Judge (AJ). Complainant timely requested a hearing and the AJ held a hearing in January 2007. In a Memorandum of Pre-Hearing Conference and Order dated January 10, 2007, the AJ set forth that the instant matter involved the following claims:

1. On November 18, 2004, [complainant] received notice to extend the leave restriction from the original restriction dated May 27, 2004;

2. In March 2005, his supervisor told him to work in inclement weather while on light duty restriction;

3. On March 7, 2005, his supervisor charged him with AWOL [Absent Without Leave] and allegedly threatened to hamper his union participation;

4. In April 8, 2005, he received a proposed suspension from his supervisor;

5. On May 31, 2005, his supervisor charged him with AWOL;

6. On August 8, 2005, he received a letter of warning;

7. On August 29, 2005, he was charged with AWOL for one hour.

On October 4, 2007, the AJ issued a decision finding no discrimination. Regarding complainant's claim of disability discrimination, the AJ stated that complainant alleged two disabilities: Hepatitis C and depression. The AJ found that complainant failed to show that his Hepatitis C significantly affected a major life activity. Regarding complainant's depression, the AJ assumed this condition constituted a disability. Specifically, the AJ stated that "[t]he June 2006 doctor's report establishes that it significantly affected the major life activity of working. The agency argued, and it is correct, that this report was not done until a year after the events at issue in this complaint. Therefore, it is unknown whether the depression had the same affect on his major life activity in 2005 as it did in 2006 when the report was written. However, for purposes of further analysis it will be assumed that it did." The AJ also noted that complainant did not argue that his knee injury constituted a disability.

Regarding claim (1), the extension of leave restriction, the AJ found that the agency articulated a legitimate, nondiscriminatory reason for its action. Specifically, complainant's supervisor (S1) testified that complainant had over 275 hours of absence from work since May 24, 2004, the date of complainant's original Notice of Leave Restriction. The AJ noted that "much of this leave was unscheduled and complainant did not give the required 24 hour notice prior to routine medical appointments. He renewed the leave restriction letter because complainant continued to have many absences and did not comply with leave requesting procedures." In response to complainant's argument that leave was ultimately approved for his absences, the AJ noted that complainant's argument fails to show that extension of leave restriction was

discriminatory because the extension was due to the large amount of leave used by complainant and the fact that he did not comply with leave procedures. The AJ found that complainant failed to show that the agency's articulated reason was pretext for discrimination.

Regarding claim (2), that complainant was told to work in inclement weather, the AJ found that the agency articulated a legitimate, nondiscriminatory reason for its action. Specifically, the AJ found that complainant was assigned to work as a door opener on the loading dock by S1 because he had a knee injury and had temporary restrictions. The AJ stated that complainant had no documentation that he could not work in cold weather. The AJ found that complainant failed to show that the agency's articulated reason was pretext for discrimination.

Regarding claim (3), that complainant was charged with AWOL and S1 made a comment about complainant's union work, the AJ found that the agency articulated a legitimate, nondiscriminatory, reason for its action. The AJ stated that "[S1] testified credibly that he saw complainant leave at 11 a.m. and saw him return at 2 p.m. He said that complainant wears 'white bunny suits' while working and complainant had taken it off when he went to lunch and when he saw him return he did not have it on. Thus, complainant did not rebut S1's explanation that he was charged AWOL because he was gone for an extra 1.5 hours of lunch and he did not credibly deny that he was in fact gone that period of time."

Regarding complainant's claim that S1 made a comment about his union work, the AJ stated that S1 testified that he might have asked another union official about what requirements the union had with regard to attendance to be a union representative. The AJ further stated that S1 did not take any action to have complainant not approved as a union representative and it fact would not have authority to do so. The AJ further noted that whether "[S1's] actions might have infringed upon complainant's union rights or violated the union agreement is not a matter over which the Commission has jurisdiction unless it was done for discriminatory purposes."

Regarding claim (4), the proposed suspension, the AJ found that the agency articulated a legitimate, nondiscriminatory reason for its action. Specifically, the AJ found that S1 issued complainant the proposed suspension because complainant was still not following the leave restriction letter. S1 ultimately did not issue the suspension after speaking with personnel and they advised him that he needed more documentation to support a suspension. The AJ further noted that a proposed action alone does not render an employee aggrieved; however, "[i]f a proposed action is purportedly combined with other acts of harassment to form an alleged pattern of harassment, it may state a claim. However, in the instant case, all of the other alleged claims of harassment have been found not to be discriminatory as discussed in this decision. Therefore, the proposed suspension... does not state a claim."

Regarding claim (5), on May 31, 2005, complainant was charged with AWOL, the AJ found that the agency articulated a legitimate, nondiscriminatory reason for its action. The AJ stated that complainant came back to work in May 2005, and was told that there was no light duty available so management sent him home. Over the next few days, complainant did not call in

to request leave or to see if there was any light duty available and S1 charged him AWOL because he failed to call in or report to work as required by his Notice of Leave restriction. The AJ found that complainant failed to establish that the agency's articulated reason was pretext for discrimination.

Regarding claim (6), that complainant was issued a Letter of Warning on August 8, 2005, the AJ found that the agency articulated a nondiscriminatory reason for its action. Specifically, the AJ stated that S1 issued complainant the Letter of Warning because on July 25, 2005, complainant was late and S1 gave him a verbal warning about tardiness. Several days later, complainant was late again, so S1 issued a written warning. The AJ found that complainant failed to establish that the agency's articulated reason was pretext for discrimination.

Regarding claim (7), that complainant was charged with one hour of AWOL on August 29, 2005, the AJ stated that S1 testified credibly that another agency official (A1) told S1 to charge complainant AWOL for an hour AWOL because he observed complainant talking in the hall for one hour with the Union Vice President. The AJ further noted that "[i]t was clearly erroneous for [A1] to tell [S1] to charge complainant one hour of AWOL as the uncontested testimony of complainant and the [Union Vice President] was that they only spoke for five minutes. However, this mistake... is not discriminatory because [A1] did not know of complainant's EEO activity and did not know that he had a disability or what his medical impairments were... Thus, whatever may have motivated [A1] it could not have been discriminatory animus because of either complainant's protected EEO activity or disability."

The AJ addressed one final matter. The AJ stated that "[w]hile the investigator was interviewing employees, [S1] told them not to speak with the investigator unless they were given authorization by a supervisor or manager. He said he did so because he did not know if the investigator was legitimate or might have just been someone from the outside coming in. Complainant alleged this was retaliatory. Complainant has not established that [S1] had retaliatory animus by this contention. It is undisputed that the employees were in fact allowed to speak with the investigator, an investigation took place and thus there was no harm done and [S1] did not interfere with the investigation. Complainant also does not... establish that any employee was intimidated by this process or otherwise impeded from freely giving testimony. Thus, these instructions from [S1] had no impact on this case. Nevertheless, [S1's] statements to the employees potentially could have a chilling effect. The fact that they did not in the instant case done not mean that they were appropriate. [S1], and other agency managers, should not tell employees not to speak with an investigator without permission from a manager."

The agency's final order dated November 16, 2007, implemented the AJ's decision finding no discrimination.

On appeal, complainant asserts that the AJ's decision finding no discrimination is improper. Complainant reiterates many arguments made during the hearings process. In addition,

complainant asserts that the agency ordered him to undergo an examination and if he refused to take the examination, he would be terminated. Furthermore, complainant asserts that S1 told other employees not to speak with the investigator in order to create a climate of fear.[2]

In response, the agency asserts that complainant's appeal is untimely filed. Specifically, the agency states that "according to the tracking documents, the letter first arrived at [complainant's] residence on [November 20, 2007], however, he waited until [December 5, 2007], or 15 days to collect it from the post office... [A] postal form is left at the residence to inform the recipient that he has a delivery waiting for him,... and by whom it was sent. [Complainant] knowingly ignored the certified mail notification for 15 days, knowing who sent it to him and certainly, at least suspecting what it was." The agency further asserts that assuming *arguendo* that the appeal is deemed timely, the Commission should affirm the agency's final order implementing the AJ's decision.

As a threshold matter, we determine that complainant's appeal to be timely filed. The record contains a copy of a certified return receipt card indicating that complainant received the agency's final order on December 5, 2007. Complainant timely filed an appeal with the Commission on January 4, 2008.[3] We are unpersuaded by the agency's assertion that the time frame should begin to run when complainant was left a notice at his residence indicating that he had a certified letter at the post office.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

---

[2] On appeal, complainant asserts that S1 made this statement to other employees the day before the hearing. We assume, however, that complainant means the day before the fact-finding conference which was part of the investigation; rather than the day before the hearing conducted by the EEOC AJ. Complainant asserted in a January 18, 2006 memorandum that this incident occurred on January 4, 2006, and the fact-finding conference occurred on January 5, 2006. The hearing before the EEOC AJ did not occur until January 2007.

[3] The record reflects that complainant's appeal contains a date stamp reflecting it was received at the Commission's Washington Field Office (WFO) on January 4, 2008 and a date stamp reflecting that it was received in the Commission's Office of Federal Operations (OFO) on January 7, 2008. During this time period, WFO and OFO were located at the same address. Based on these circumstances, we find that complainant's appeal was filed on January 4, 2008.

We note that, at the hearing, one witness's testimony was taken via telephone. We have held that testimony may not be taken by telephone in the absence of exigent circumstances, unless at the joint request of the parties and provided specified conditions have been met. *See Louthen v. United States Postal Service*, EEOC Appeal No. 01A44521 (May 17, 2006); *Sotomayor v. Department of the Army*, EEOC Appeal No. 01A43440 (May 17, 2006); *Rand v. Department of Treasury*, EEOC Appeal No. 01A52116 (May 17, 2006).[4] In the instant matter, it does not appear from the record that exigent circumstances existed.[5] The record reflects that both parties agreed to take the witness's testimony by telephone. Hearing Transcript (HT) at 2. However, the record is devoid of evidence that the parties gave their informed consent.[6] Nevertheless, we find that the AJ taking this witnesses' testimony by phone constitutes harmless error. The AJ in the instant matter found complainant's testimony, which was corroborated by the witness in question, to be credible with respect to claim (7), being charged an hour of AWOL. The AJ, however, found that complainant failed to establish discrimination with respect to this claim for other reasons set forth in her decision.

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*,

[4] In *Louthen*, the Commission promulgated its policy regarding the taking of telephonic testimony in the future by setting forth explicit standards and obligations on the Administrative Judges and the parties. *Louthen* requires either a finding of exigent circumstances or a joint and voluntary request by the parties with their informed consent. When assessing prior instances of telephonic testimony, the Commission will determine whether an abuse of discretion has occurred by considering the totality of the circumstances. In particular, the Commission will consider such factors as whether there were exigent circumstances, whether a party objected to the taking of telephonic testimony, whether the credibility of any witnesses testifying telephonically is at issue, and the importance of the testimony given telephonically. Further, where telephonic testimony was improperly taken, the Commission will scrutinize the evidence of record to determine whether the error was harmless. *Sotomayor v. Department of the Army*, EEOC Appeal No. 01A43440 (May 17, 2006).

[5] According to the hearing transcript, the witness in question was unable to testify in person because he was home sick on the day of the hearing. HT at 2.

[6] In *Louthen*, the Commission stated that informed consent at a minimum requires either a statement signed by each party, or other such documentation in the record which sets forth their understanding of the limitation of telephonic testimony: 1) the AJ would not have the opportunity to observe the witnesses' testimony in person; 2) credibility determinations based on the AJ's observations of the demeanor of a witness may not be possible; 3) credibility determinations based on an AJ's in-person observation of a witness are entitled to greater deference by the Commission on appeal; and 4) technological problems may arise that could interfere with the hearing, for example, by causing delay or difficulties with transmission, that would have to be corrected in some other manner by the AJ.

411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy*, EEOC Request No. 05950351 (December 14, 1995).

Assuming *arguendo* that complainant established a *prima facie* case of discrimination and/or retaliation, we find that the agency articulated legitimate, nondiscriminatory reasons for its actions, as set forth above. Upon review of the record, we find that complainant did not establish, by a preponderance of the evidence, that the agency's articulated reasons were pretext for discrimination and/or retaliation. We further note that an AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. *See* EEOC Management Directive 110, Chapter 9, § VI.B. (November 9, 1999). In the instant matter, we find no reason to disturb the AJ's credibility determinations.

To establish a claim of harassment based on race, sex, disability, age, or reprisal, complainant must show that: (1) he is a member of the statutorily protected class; (2) he was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; and (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment. *Humphrey v. United States Postal Service*, EEOC Appeal No. 01965238 (October 16, 1998); 29 C.F.R. § 1604.11. The harasser's conduct should be evaluated from the objective viewpoint of a reasonable person in the victim's circumstances. Enforcement Guidance on *Harris v. Forklift Systems, Inc.*, EEOC Notice No. 915.002 (March 8, 1994). Further, the incidents must have been "sufficiently severe and pervasive to alter the conditions of complainant's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *see also Oncale v. Sundowner Offshore Services, Inc.*, 23 U.S. 75 (1998). In the case of harassment by a supervisor, complainant must also show that there is a basis for imputing liability to the employer. *See Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982).

We further find that complainant failed to establish that he was subjected to unlawful harassment. Complainant, as set forth above, did not establish that the alleged incidents were based on his protected classes.

With respect to the assertion that S1 told other employees not to speak to the EEO Investigator without obtaining permission first from a manager or supervisor, we find that although this matter was briefly raised at the hearing and briefly referenced in the AJ's decision, this matter was not an accepted claim for this formal complaint. Thus, we will not address this matter herein as a separate claim. If complainant wishes to pursue this matter, he should contact an EEO Counselor. Upon review of the record, we find that for the reasons set forth in the AJ's decision, this incident did not have an impact upon the finding of no discrimination regarding the accepted claims. In addition, the record reflects that the AJ approved several of complainant's witnesses to testify at the hearing pursuant to the AJ's Memorandum of Pre-hearing Conference and Order dated January 10, 2007. The record reflects that these individuals did provide testimony at the hearing conducted by the EEOC AJ.

Regarding complainant's assertion that the agency made him undergo a fitness for duty examination, we find that this matter was also not an accepted claim in the instant matter; thus, we decline to address it herein. If complainant wishes to pursue this matter, he should contact an EEO Counselor.

Finally, complainant alleges that the agency did not provide him with official time to attend the hearing. 29 C.F.R. 1614.605(d) provides, in pertinent part, that "[t]he complainant..., if employed by the agency and otherwise in a pay status, shall be on official time, regardless of their tour of duty, when their presence is authorized by the agency or the Commission during the investigation, informal adjustment, or hearing on the complaint." The Commission has stated that an allegation pertaining to the denial of official time states a separately processable claim alleging a violation of the Commission's regulations, without requiring a determination of whether the action was motivated by discrimination. *See Edwards v. United States Postal Service*, EEOC Appeal No. 05960179 (December 23, 1996). Essentially, the Commission has held that it has the authority to remedy a violation of 29 C.F.R. 1614.605 without a finding of discrimination. *Id.* The Commission held that such a claim should not be processed in accordance with 29 C.F.R. 1614.108, since the focus is not on the motivation, but rather the justification of why the complainant was denied a reasonable amount of official time. *Id.*

We are unable to determine from the record whether complainant was denied official time to attend the hearing. Thus, we order the agency to conduct a supplemental investigation with respect to this matter.

Accordingly, we **AFFIRM** the agency's final order implementing the AJ's finding of no discrimination. However, we **REMAND** to the agency for further processing complainant's claim that he was not provided with official time to participate in the hearing in accordance with the **ORDER** below.

ORDER

The agency is ordered to investigate the issue of whether complainant was denied official time to attend the hearing. In the investigative record, the agency shall include documentation indicating whether complainant was granted official time to attend the hearing. If complainant was denied official time, the agency shall provide justification for the denial. The agency must also provide complainant an opportunity to place into the record any evidence supporting his claim that he was denied official time. Within sixty (60) days from the date this decision becomes final, the agency shall issue a decision as to whether or not complainant was properly denied official time. The agency's decision shall provide appeal rights to the Commission.

A copy of the agency's decision with notice of rights must be sent to the Compliance Officer as referenced below.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0408)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report **within thirty (30) calendar days** of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** *See* 29 C.F.R. § 1614.409.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0408)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (T0408)

This decision affirms the agency's final decision/action in part, but it also requires the agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or your appeal with the Commission, until such time as the agency issues its final decision on your complaint. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that

person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

JUN 5 2008
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

James A. Washington
4240 S Capitol St SE #301
Washington, DC 20032

Spurgeon A. Moore, Director
EEO Compliance & Complaints Review
Department of the Army
1901 South Bell Street
Crystal Mall 4, Suite 109B
Arlington, VA 22202-4508

JUN 5 2008
Date

Equal Opportunity Assistant

H
08-1502
JR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

James Washington

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Pro Se NJB

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

Pete Geren

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-01502
Assigned To : Robertson, James
Assign. Date : 8/28/2008
Description: Employ Discrim.

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. *Antitrust*

- ☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

3

| ◻ G. *Habeas Corpus/ 2255* | X H. *Employment Discrimination* | ◻ I. *FOIA/PRIVACY ACT* | ◻ J. *Student Loan* |
|---|---|---|---|
| ◻ 530 Habeas Corpus-General<br>◻ 510 Motion/Vacate Sentence | ◻ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ◻ 895 Freedom of Information Act<br>◻ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ◻ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ◻ K. *Labor/ERISA (non-employment)* | ◻ L. *Other Civil Rights (non-employment)* | ◻ M. *Contract* | ◻ N. *Three-Judge Court* |
| ◻ 710 Fair Labor Standards Act<br>◻ 720 Labor/Mgmt. Relations<br>◻ 730 Labor/Mgmt. Reporting & Disclosure Act<br>◻ 740 Labor Railway Act<br>◻ 790 Other Labor Litigation<br>◻ 791 Empl. Ret. Inc. Security Act | ◻ 441 Voting (if not Voting Rights Act)<br>◻ 443 Housing/Accommodations<br>◻ 444 Welfare<br>◻ 440 Other Civil Rights<br>◻ 445 American w/Disabilities-Employment<br>◻ 446 Americans w/Disabilities-Other | ◻ 110 Insurance<br>◻ 120 Marine<br>◻ 130 Miller Act<br>◻ 140 Negotiable Instrument<br>◻ 150 Recovery of Overpayment & Enforcement of Judgment<br>◻ 153 Recovery of Overpayment of Veteran's Benefits<br>◻ 160 Stockholder's Suits<br>◻ 190 Other Contracts<br>◻ 195 Contract Product Liability<br>◻ 196 Franchise | ◻ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

X 1 Original Proceeding ◻ 2 Removed from State Court ◻ 3 Remanded from Appellate Court ◻ 4 Reinstated or Reopened ◻ 5 Transferred from another district (specify) ◻ Multi district Litigation ◻ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ◻ ACTION UNDER F.R.C.P. 23 **DEMAND $** 0 Check YES only if demanded in complaint **JURY DEMAND:** ◻ YES X NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ◻ YES X NO If yes, please complete related case form.

**DATE** 8/26/08 **SIGNATURE OF ATTORNEY OF RECORD** WCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.