UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES A. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1502 (JR) |
| | ) | |
| PETE GEREN, | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff James A. Washington, proceeding pro se, has filed a motion seeking leave to amend his complaint to state a breach of contract claim. The motion for leave to amend will be denied and the case will be dismissed.

By order issued December 18, 2009 [#24], I dismissed or granted summary judgment as to all of Washington's claims except one that looked something like breach of contract, allowing him additional time to file a motion to amend his pleading "with an amendment consisting solely of a claim for breach of contract." The memorandum accompanying that order [#23] explained that, although Washington's first amended complaint

> asserts a breach of settlement contract entered into between the Secretary and Mr. Washington in a prior case, . . . [it] contains only a conclusory allegation of a breach of contract, devoid of any factual allegations, and does not meet the minimum requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks to obtain. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive

answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Both the memorandum and the order gave fair warning that failure to comply with the order would mean dismissal of the case.

Plaintiff did file a timely motion for leave to amend, but the amended complaint he proposes to file is deficient in two critical respects. First, it is not limited to a claim of breach of Washington's prior settlement agreement. In fact, with the possible exception of allegations that refer to leave restrictions – allegations that do not appear on their face to state a claim of breach of contract – the proposed amended complaint says nothing about a breach of the settlement agreement. Second, even the allegations that relate to leave restrictions fail to identify which leave restrictions the plaintiff is talking about and fail to specify how the defendant's conduct amounted to a breach. In other words, the proposed amended complaint does not provide the defendant with fair notice of plaintiff's allegations or with sufficient information to prepare an adequate defense – it does not satisfy Rule 8 of the Federal Rules of Civil Procedure – and leave to file it must be denied.

A separate order accompanies this opinion.

JAMES ROBERTSON
United States District Judge