UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES A. WASHINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1502 (JR) |
| PETE GEREN,<br>Secretary of the Army, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Pro se plaintiff James A. Washington has filed a motion seeking leave to amend his complaint a second time in order to assert a breach of contract claim. Because this court lacks jurisdiction to entertain the breach of contract claim and it is the sole remaining claim, it will be dismissed without prejudice to file it in the court where jurisdiction would be proper, the United States Court of Federal Claims.

*Background*

Washington sued his former employer, the Secretary of the Army, alleging that the defendant had discriminated and retaliated against him. *See* Am. Compl. The retaliation and discrimination claims did not survive the defendant's dispositive motion. *See* Mem. Op. and Order (Dec. 18, 2009). Among the adverse actions Washington alleged, was the "[v]iolation of [a] 2004 . . . . Federal Court settlement agreement prior to July 2007." Am. Compl. ¶ 7R. As a retaliation or discrimination claim, the alleged breach of the prior settlement had not been exhausted and could not proceed. *Id.* Liberally construed, however, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), the allegation that the defendant had violated a 2004 federal court

settlement could be read as a breach of contract claim, even if wholly conclusory. Therefore, the plaintiff was granted time to amend his complaint to state a breach of contract claim. *See* Mem. Op. and Order (Dec. 18, 2009).

The plaintiff filed a proposed amended complaint entitled "Breach of Contract," that seeks $900,000 and other relief. *See* Docket Entry 33 at 3-22. The defendant opposes the motion to amend, arguing that this court lacks jurisdiction over the newly stated claim, and that in any case the newly stated claim fails to state a claim upon which relief may be granted. *See generally,* Sur-Reply.

*Discussion*

Contract actions against the United States in excess of $10,000 fall within the exclusive jurisdiction of the United States Court of Federal Claims.

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491; *see also* 28 U.S.C. § 1346(a)(2) (providing, among other things, that a district court may exercise jurisdiction over contract claims against the United States only if they do not exceed $10,000 in amount). The District of Columbia Circuit has held that "the jurisdiction of the Court of Federal Claims is exclusive when a plaintiff seeks more than $10,000 in damages." *Greenhill v. Spellings,* 482 F.3d 569, 572 (D.C. Cir. 2007). In this case, because the only

2

remaining claim, as amended, "explicitly . . . seeks money damages in excess of $10,000" for a breach of contract with the federal government, "jurisdiction rests exclusively within the Court of Federal Claims." *Id.* 482 F.3d at 573. *See also Franklin-Mason v. Penn,* 616 F. Supp. 2d 97, 100 (D.D.C. 2009) (determining that the Court of Federal Claims had exclusive jurisdiction over the plaintiff's action for breach of prior settlement agreement and noting that the discussion of a district court's ancillary jurisdiction in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82 (1994) was not in the context of a federal defendant).[1]

Therefore, because this Court lacks jurisdiction to entertain the contract claim for $900,000 in damages and other relief, the claim for breach of contract will be dismissed without prejudice and the plaintiff may file his claim for breach of contract in the United States Court of Federal Claims. All other claims have already been dismissed. *See* Mem. Op. and Order (Dec. 18, 2009). Therefore, this case will be dismissed.

---

[1] In two earlier cases, the United States Court of Appeals for the District of Columbia Circuit referred to ancillary jurisdiction. In *Shaffer v. Veneman,* 325 F.3d 370, 373 (D.C. Cir. 2003), quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994), the Circuit noted that exercising ancillary jurisdiction may be appropriate either "'to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent,'" or "'to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees,'" *Shaffer,* 325 F.3d at 373 (quoting *Kokkonen,* 511 U.S. at 379-380). In *Rochon v. Gonzales,* 438 F.3d 1211, 1215 (D.C. Cir. 2006), the Circuit remanded the case with instructions to the district court to determine whether it had ancillary jurisdiction over the contract claim due to the factual interdependence of contract and other the claims. As the Circuit has since characterized the Court of Federal Claims' jurisdiction as "exclusive," *Greenhill v. Spellings,* 482 F.3d at 572, 573, one may reasonably doubt the continued viability of ancillary jurisdiction in contract cases against the United States. *But see Perry v. Snowbarger*, 590 F. Supp. 2d 90, 93 (D.D.C. 2008) (exercising ancillary jurisdiction to enforce its own decrees). In this case, there is no need to exercise ancillary jurisdiction because (a) this court never considered any facts relating to the alleged breach of settlement agreement, and (b) the settlement agreement itself provides a means for enforcing that agreement in this court that the parties have not opted to exercise.

3

A separate order accompanies this memorandum opinion.


                                JAMES ROBERTSON
                                United States District Judge